NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 3 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SWISS RE CORPORATE SOLUTIONS AMERICA INSURANCE CORPORATION, formerly known as North American Specialty Insurance Company, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> TMX HOLDCO, LLC, a Delaware corporation formerly known as Terminix International Inc, <br><br> Defendant - Appellee. | No. 24-5479 <br><br> D.C. No. 2:23-cv-01880-SVW-PD <br><br> MEMORANDUM* |
| SWISS RE CORPORATE SOLUTIONS AMERICA INSURANCE CORPORATION, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> TMX HOLDCO, LLC, <br><br> Defendant - Appellant. | No. 24-5480 <br><br> D.C. No. 2:23-cv-01880-SVW-PD |
| SWISS RE CORPORATE SOLUTIONS AMERICA INSURANCE | No. 24-6198 |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| CORPORATION,                        | D.C. No.                |
|                                     | 2:23-cv-01880-SVW-PD    |
| Plaintiff - Appellant,              |                         |
|                                     |                         |
| v.                                  |                         |
|                                     |                         |
| TMX HOLDCO, LLC,                    |                         |
|                                     |                         |
| Defendant - Appellee.               |                         |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted February 10, 2026
Pasadena, California

Before: OWENS, VANDYKE, and H.A. THOMAS, Circuit Judges.

Swiss Re Corporate Solutions America Insurance Corporation ("Swiss Re") appeals the district court's grant of partial summary judgment to TMX Holdco, LLC ("Terminix") in Swiss Re's action seeking a declaratory judgment that it had no obligation under the insurance policy ("policy") it provided to indemnify Terminix for part of an $8 million judgment awarded in a jury trial (the "*Ferrera* judgment"). In the alternative, Swiss Re appeals the district court's application of judicial estoppel to deny Swiss Re's motion to amend its complaint. Terminix cross-appeals, challenging the district court's partial grant of summary judgment to Swiss Re regarding when pre-judgment interest began to run.

We review a district court's grant of summary judgment de novo. *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021). We review both

24-5479

a district court's interpretation of state law and its interpretation of an insurance policy de novo. *Westport Ins. Corp. v. Cal. Cas. Mgmt. Co.*, 916 F.3d 769, 773 (9th Cir. 2019). We review a district court's application of judicial estoppel for abuse of discretion. *Arconic, Inc. v. APC Inv. Co.*, 969 F.3d 945, 950 (9th Cir. 2020). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. The district court did not err in holding that the pesticide that caused the injuries at issue in the *Ferrera* judgment was Terminix's "product" for the purposes of the policy because the company's technician "handled" the substance during application, or in concluding that the "physical possession" exception to the policy's products-completed operations hazard coverage does not apply.

Under California law, our first task is "to determine whether the language of the policy, as it would be construed by a layperson, is ambiguous." *Baker v. Nat'l Interstate Ins. Co.*, 103 Cal. Rptr. 3d 565, 571 (Ct. App. 2009). The word "handled," as used in the policy, is not ambiguous. The district court correctly gave the term its plain meaning and determined that Terminix's technician "handled" the pesticide as he applied it. The district court also correctly held that "Terminix could not have 'physically possessed'" the airborne pesticide particles after they migrated to "the other side of a wall, in an area inaccessible to it." "[A]pplying the plain meaning of the unambiguous provisions of the policy," our coverage inquiry thus ends. *See id.*

24-5479

2. The district court did not abuse its discretion in judicially estopping Swiss Re from advancing an inconsistent position regarding the policy's general liability coverage. Before the district court's decision on summary judgment, Swiss Re consistently stated that a previous claim ("Esmond claim") paid out under the policy was covered under the policy's general limit for ongoing operations coverage and that this coverage had been exhausted. The district court relied on Swiss Re's original position and treated whether the *Ferrera* judgment fell into the products-completed operations provision of the policy as the sole issue in dispute.

In the wake of the decision, Swiss Re reversed course, and sought to have the Esmond claim reclassified. But as the district court concluded, Terminix would be prejudiced if Swiss Re was not estopped as Terminix was deprived of the chance to argue against reclassifying the Esmond claim before the district court's decision classifying the *Ferrera* judgment as a products-completed operations hazard. All three factors of the Supreme Court's *New Hampshire v. Maine* test for determining whether judicial estoppel should apply have thus been met. 532 U.S. 742, 750–51 (2001) (discussing factors).

3. The district court did not err in determining that prejudgment interest should be calculated from the date the primary policy paid its coverage limit. Terminix argues that Swiss Re owes prejudgment interest beginning from when Swiss Re initially denied coverage on April 13, 2020, as opposed to from the date

4                                                                                                          24-5479

the primary policy paid its coverage limit on March 13, 2023. But, consistent with the district court's ruling, the policy clearly states that, "Liability under this policy with respect to any occurrence, loss or claim shall not attach unless and until the limit of liability of Underlying Insurance has been exhausted by the actual payment of Loss."

**AFFIRMED.**